UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANE BROWN,

               Plaintiff,

        -against-

INTERBOROUGH DEVELOPMENTAL &
CONSULTATION CENTER, et al.,

               Defendants.

1:25-CV-10021 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Dane Brown, of Staten Island, New York, brings this action *pro se*, ostensibly asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), the Health Insurance Portability and Accountability Act of 1996, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), seeking damages and injunctive relief. Plaintiff sues: (1) the Interborough Developmental & Consultation Center ("IDCC"), of Brooklyn, New York; (2) Derek Upright, an IDCC Peer Specialist; (3) Hann Lim, MSW, an IDCC Social Worker; and (4) Javonnie Miller, "a licensed marriage and family therapist and supervisor at [the] IDCC" (ECF 1, at 1), whom Plaintiff also refers to as "Javonnie, Supervisor at [the] IDCC" (ECF 5).

The Court construes Plaintiff's complaint as asserting non-employment associated civil claims under Title III of ADA and the Rehabilitation Act, civil claims under RICO, as well as civil claims under state law. For the reasons set forth below, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the venue provision for civil claims under RICO, such claims "against any person may be instituted in the district court of the United States for any district in which such person

resides, is found, has an agent, or transacts his affairs."[1] 18 U.S.C. § 1965(a). Plaintiff alleges

that the IDCC is located in Brooklyn, Kings County, New York, and that the remaining

defendants are all employed at the IDCC. Kings County lies within the Eastern District of New

York, *see* 28 U.S.C. § 112(c), not within this judicial district.[2] Thus, it seems that all of the

defendants either reside, are found, have an agent, or transact their affairs within the Eastern

District of New York. Accordingly, the United States District Court for the Eastern District of

New York is a proper venue for Plaintiff's claims under RICO. Because Plaintiff alleges nothing

to suggest that any of the defendants resides, is found, has an agent, or transacts their affairs

within this judicial district, however, it is unclear that this court is a proper venue for Plaintiff's

claims under RICO.

The applicable venue provision for the remainder of Plaintiff's civil claims is found at 28

U.S.C. § 1391(b). *See Wolf v. New Jersey*, No.1:17-CV-1624 (CM), 2017 WL 11930764, at *1

n.1 (S.D.N.Y. Mar. 23, 2017) (noting that the applicable venue provision for non-employment

associated civil claims under Title III of the ADA and the Rehabilitation Act is Section 1391); *see*

*also Lopez-Betancourt v. Loyola Univ. Chicago Stritch Sch. of Med.*, No. 16-CV-11565, 2019

WL 4166867, at *1 (N.D Ill. Sept. 3, 2019) ("Plaintiff brings . . . [non-employment associated

civil claims] pursuant to Title III of the ADA and Section 504 of the Rehabilitation Act. . . .Venue

is proper in this judicial district under 28 U.S.C. § 1391."). Under that provision, unless

otherwise provided by law, a federal civil action may be brought in a federal district court for a:

---

[1] The term "person" is defined by RICO as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff seems to allege that the IDCC resides in Brooklyn, Kings County (ECF 1, at 1), within the Eastern District of New York, *see* § 112(c). He does not allege where any of the remaining defendants reside. Thus, because it unclear whether all of the remaining defendants reside within the State of New York, and whether at least one of them resides within this judicial district, *see* § 112(b), it is unclear that this court is a proper venue for Plaintiff's remaining claims, under Section 1391(b)(1).

Plaintiff does allege, however, that "the events giving rise to [his claims] occurred . . . specifically at [the] IDCC," in Brooklyn, mistakenly asserting that Brooklyn lies within this judicial district. (ECF 1, at 2.) Because Plaintiff alleges that the events giving rise to his claims occurred in Brooklyn, Kings County, which lies within the Eastern District of New York, not within this judicial district, *see* § 112(b), (c), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's remaining claims, under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

3

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action because: (1) the defendants all either reside, are found, have an agent, or transact their affairs in the Eastern District of New York; (2) a substantial portion, if not all, of the alleged events occurred in that judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. Thus, the United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

### CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

4

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 16, 2026
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
